### BECK v. STAUDT et al.

(Supreme Court, Appellate Division, First Department.    November 4, 1910.)

PARTIES (§ 40*)—BRINGING IN PARTIES—PERSONS IN INTEREST.

Where a person brings a suit against an executor to have it adjudged that testator had executed in her favor a trust in certain bonds, and that they were her property, and to have them delivered to her, the residuary legatees have an interest in the subject-matter, so as to entitle them, under Code Civ. Proc. § 452, to be brought in as parties on their application therefor, especially where they object to the proposed method of determining the main issue, by submission on an agreed statement of facts.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 60–67;  Dec. Dig. § 40.*]

Scott and Dowling, JJ., dissenting.

---

Appeal from Special Term, New York County.

Suit by Elizabeth M. Beck against John Staudt, as executor of Joseph Huber, Jr., deceased. From an order denying their motion to be brought in as parties defendant, Frederick W. Huber and others appeal. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Appell & Taylor (George H. Taylor, Jr., of counsel), for appellants.

Gustav Lange, Jr., for respondent Staudt.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for respondent Beck.

CLARKE, J. Joseph Huber died, leaving a last will and testament, which left the residuary estate to his executors, in trust to divide the same into as many equal shares as there might be children, if any, of his brothers surviving him at his death, to hold one of said separate shares in trust for each of said children, and to apply the rents, income, and profits thereof to the support of the child so entitled to such share during his or her lifetime, and, in the event that the child should attain the age of 25 years before his or her death, to pay such distributive share to such child. Testator also bequeathed $50,000 to Elizabeth M. Beck "as a token of my esteem." He had a safe deposit box in the deposit vaults of the Germania Bank, and therein was found an envelope containing 10 bonds of the Brooklyn Union Elevated Railroad Company, with coupons attached, for $1,000 each, contained in an envelope on which were the words, in his own handwriting: "The property of Miss Lizzie Beck, 842 Forest Avenue, N. Y."

The plaintiff made a demand on the executor for these bonds, and brings this suit to impress a trust in her behalf on said bonds. The complaint alleges that the testator, by taking the bonds and coupons attached thereto, which then belonged to him, putting them in the envelope, and writing the words quoted thereon, meant thereby "that he had passed and transferred the title to such bonds and the coupons attached thereto to this plaintiff, and that he constituted himself the trustee thereof for this plaintiff, and therein and thereby declared that he himself held these bonds in trust for this plaintiff"; that this was an irrevocable trust; and asked judgment that the court adjudge that testator declared and executed in favor of this plaintiff a trust in said bonds, and that they were at the death of the testator the property of plaintiff, and that neither the estate of the said testator nor the defendant, as the executor, had any right, title, or interest in the same, and that the defendant deliver over to the plaintiff the said 10 bonds, with the coupons attached.

Appellants, the children of testator's brothers, and the cestuis que trustent under the paragraph of the will disposing of the residuary estate, claim that said bonds belong to the residuary estate, and hence that they are interested in the subject-matter of the action. They ask to be allowed to intervene. Their main reason is that, while they do not impugn the good faith of the executor, they are dissatisfied with his intention, as expressed, to submit the question of title to these bonds

upon an agreed statement of facts to the Appellate Division. They say such a case is pre-eminently one to be tried before the court in the due and ordinary form, in order that there may be a proper cross-examination of the witnesses in this attempt to take from the estate $10,000 under an implied trust.

I am of the opinion that such an issue ought not to be submitted on an agreed statement of facts, but that it should be tried in the ordinary method provided for the ascertainment of the facts. The interest of the applicants may be somewhat remote, but section 452 of the Code of Civil Procedure is broad enough to allow the intervention in an equity suit. Appellants are not necessary parties, but they have an interest in the subject of the action.

Under the peculiar circumstances disclosed, and especially in view of the proposed method of determining the main issue, we think the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

INGRAHAM, P. J., and MILLER, J., concur. SCOTT and DOWLING, JJ., dissent.